Andrew McClain, J.,
delivered the opinion of'the Court.
In this cause, a construction of the following clause in the Will of "Valentine Spring, is sought, to-wit: “I give and bequeath to Julia Frances Spring, (wife of my nephew, B. F. Spring,) and the heirs of her body, for her own sole and separate use during her natural *564 life, tbe tract of land she now lives on, containing, by estimation, three hundred and sixty-four acres, more or less; and also, one negro boy, slave, about forty years of age, and named Green.” The construction sought, relates only to the tract of land.
The Will is dated 22d August, 186-.
If the words, for “her own sole and separate use during her natural life,” had been omitted, no difficulty would have existed as to the proper construction of the clause in question.
The language used, is such, as would, at common law, have created an estate tail: 2 Black. Com., 110.
Under the Act of 1784, ch. 22, sec. 5, which is carried into the Code at section 2007, a conveyance which would have created an estate tail at common law, becomes a conveyance in fee simple: Middleton vs. Smith and Wife, 1 Cold., 44.
So, in the present case, Julia Frances Spring, by virtue of the devise to her' and the heirs of her body, takes a fee simple interest, unless the words “for her own sole and separate use during her natural life,” restrict the conveyance to a less estate.
Section 2006, of the Code, provides, that any grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or devisor, unless the intent to pass a less estate or interest, shall appear by express terms or be necessarily implied in the terms of the instrument.
Is it necessarily implied, from the use of the words, “for her own sole and separate use during her natural life,” that the’ testator intended to convey a less estate *565 than a fee simple interest, or do these words amount to express terms of restriction to a less estate?
We think that Julia Frances Spring takes an estate in fee; and the only effect of the words, “for her own sole and separate use during her natural life,” is, to exclude, during her life, the marital right of the husband, which would otherwise attach to the land; and that such is their legal effect.